[Civ. No. 33601.   Second Dist., Div. Four.   Aug. 20, 1969.]

RESIDENTS OF BEVERLY GLEN, INC., Plaintiff and Appellant, v. CITY OF LOS ANGELES et al., Defendants and Respondents.

Fadem & Kanner and Gideon Kanner for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Claude E. Hilker, Assistant City Attorneys, Jerome Montgomery, Deputy City Attorney, Kaplan, Livingston, Goodwin, Berkowitz & Selvin and Herman F. Selvin for Defendants and Respondents.

KINGSLEY, J.—This is an action by an incorporated group of property owners seeking to invalidate a conditional use permit granted by defendant City of Los Angeles[1] to defendant U.S. Plywood-Champion Papers, Inc., for the development of a planned residential community in the Santa Monica Mountains. The complaint, which is in a single count, alleged that the permit was invalid because of alleged violations of the applicable ordinances and charter provisions under which it purported to be issued and also because of an alleged invalidity of the underlying ordinance itself. The prayer was as follows:

"WHEREFORE, Plaintiff prays:

"1. Los Angeles Municipal Code § 12.24(j) be declared void.

"2. Plywood's permit be declared void.

"3. The City be mandated to cancel Plywood's permit.

"4. The Planning Director be mandated to disapprove the sub-division of the project area.

"5. The determination of the validity of Plywood's permit be deferred until after the application is remanded for findings adequate to permit review.

"6. Costs of suit.

"7. Such other and further relief as the court deems

---

[1] In addition to the City, the complaint named as defendants the City Council, the Planning Commission of the City of Los Angeles, and the director of planning. We refer to all of the public defendants collectively as the City.

just.'' Demurrers by the defendants on various grounds, including uncertainty, failure to state a cause of action, and failure to separately state different causes of action, were overruled, the defendants answered and the case went to trial. At the close of the trial the trial court (Judge Allen) expressly stated that he was determining only the claim for a writ of mandate directed to vacation of the permit. That request he denied, by a document denominated ''Judgment Denying Writ of Mandate,'' which, after reciting the appearances of counsel, reads as follows: ''. . . and the Court having considered the pleadings, the exhibits and statement of counsel that they were proceeding only on the petition for Writ of Mandate and having heard and considered the contentions of all counsel;

''It Is Ordered, Adjudged and Decreed that the peremptory writ of mandate is denied as to all of said defendants.

''It Is Further Ordered that defendants recover their costs from plaintiff in the sum of $7.50 as to defendants City of Los Angeles, a municipal corporation, The Los Angeles City Council, The Planning Commission of the City of Los Angeles, and Calvin Hamilton, Director of Planning of the City of Los Angeles, and in the sum of $15.50 as to defendant U. S. Plywood-Champion Papers, Inc., sued herein as United States Plywood Corp.''

Thereafter plaintiff filed an ''At-Issue Memorandum and Certificate of Readiness,'' seeking to bring on for trial their prayer for declaratory relief as to the validity of the ordinance. On motion of defendants, the trial court (Judge Wright) made an order striking the memorandum.

The plaintiff has appealed both from the ''judgment'' denying a writ of mandate and from the order striking its memorandum for setting. We issued an order to show cause why the two appeals should not be dismissed as being from non-appealable orders. That issue has been briefed and argued. For the reasons set out below, we dismiss both appeals.

I

In this court, defendants argue that the complaint did not properly state a cause of action for declaratory relief as to the validity of the ordinance and that the complaint was defective because that cause of action was not separately stated. Those matters, as we have stated, were urged in the trial court and there rejected. Whether or not a party respondent, who has

prevailed in the trial court, may raise on appeal the correctness of an order overruling a demurrer to the complaint we cannot now decide. ■ Before the propriety of overruling a demurrer can be considered on appeal, there must first be an appeal properly pending from a final judgment. This court has no jurisdiction to give gratuitous advice on issues not brought to it in the manner required by law.

■ The so-called "judgment" denying a writ of mandate is not a final judgment in the action. Plaintiff sought, in the trial court, a declaration of the invalidity of the section of the Los Angeles ordinance under which the City purported to act.[2] It is entitled either to such a declaration or to an order under section 1061 of the Code of Civil Procedure refusing declaratory relief and judgment for defendants. Unless section 1061 is invoked, plaintiff is entitled to a declaration whether the result is favorable or unfavorable to it. It may be true, as defendants urge, that anything other than an unfavorable declaration would be logically inconsistent with the denial of a writ of mandate. But the trial court has not yet so decided.

■ It is well settled that an order, even though denominated a judgment, is not a "final" judgment for the purpose of review on appeal if it leaves undetermined issues between the parties. Even if it seems unlikely that the issues left hanging can have other than one fate, still, until the trial court completes its decisional process, an appeal is premature. (*Turner* v. *Los Angeles Realty Board, Inc.* (1965) 233 Cal. App.2d 755 [43 Cal.Rptr. 919].) ■ Since the so-called "judgment" denying a writ of mandate did not purport to determine the prayer for declaratory relief, it follows that it was not a "final" judgment and the attempted appeal from it must be dismissed.

Counsel argue that Judge Allen thought that he had decided all of the issues in the case by the so-called "judgment" that he signed and caused to be entered. But the record does not tell us what Judge Allen thought, or what he had decided as to the prayer for declaratory relief. We have read and reread the discussion between him and counsel with

---

[2]Counsel for defendant Plywood state in their brief that there was no prayer for declaratory relief. A reading of the prayer, above quoted, shows that such relief was expressly sought. As we have said in the text of our opinion, whether or not the allegations of the complaint supported that prayer is not now before us.

which the hearing before him closed. That record leaves at least three possibilities: (1) Judge Allen may have thought, from some remarks by counsel for plaintiff, that the prayer for declaratory relief had been withdrawn; (2) he may have thought that, in view of his denial of mandate, no further consideration of the prayer for declaratory relief was necessary; (3) he may have thought that the parties had submitted to him only those issues that could be raised only in mandate—namely whether or not the procedures provided by the ordinance had been followed and whether or not the final action found support in the administrative record.[3] Since, in administrative mandate, no findings are required, he made none. Absent findings, we do not know what he decided with reference to the declaratory relief part of the case. As we have said above, plaintiff was entitled to some express determination of its prayer; the so-called "judgment" did not give it such a determination.

## II

It is argued to us that, if the so-called "judgment" by Judge Allen was not a final determination of the case, then Judge Wright's order did constitute such a determination. We think it clear that it did not. That order determined nothing except that the trial court would not set the remainder of the lawsuit for hearing. That refusal could have been reviewed by an application to this court for a prerogative writ; but it is not a "judgment."

In this court, defendants seek to sustain Judge Wright's order on the theory that it was taken under section 1061 of the Code of Civil Procedure. That section authorizes a trial court to refuse to exercise the power of declaratory relief "in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." But Judge Wright did not purport to act under that section; nor did he take any action that finally disposed of the case. When a court elects to rely on section 1061, the proper procedure is to enter a judgment dismissing the action. A mere refusal to set for trial still leaves the action pending in the trial court. It is an action that might be reversed the next day. Plaintiff is entitled to a final decision, which it has not had.

---

[3] Since plaintiff had no standing to attack the validity of the ordinance unless and until the other issues were resolved adversely to it, such a bifurcated trial would not have been improper.

## III

The court had before it three alternative courses of action: (1) It could have heard plaintiff's request for declaratory relief and made a declaration that the questioned ordinance was valid; (2) It could have heard the request and made a declaration that the ordinance was invalid; (3) It could have dismissed the declaratory relief portion of the case under section 1061, on any of the several grounds now urged on us. But the trial court did none of those things. Until it does, there is nothing before us to review on appeal.[4]

The order to show cause is discharged; the attempted appeals are dismissed. Each party shall bear its own costs in this court.

Jefferson, Acting P. J., and Dunn, J., concurred.

---

[4]We are conscious of the fact that the case has been pending for a long time and that a great deal of money and effort have been expended in preparing an appellate record and briefs. The steps required to secure an appealable judgment should not take long; we are sure that the experienced counsel will have no difficulty in stipulating to the use, on any subsequent and proper appeal, of such portions of the present record and briefs as may then be appealable. If an appealable judgment should be entered before this court loses jurisdiction, we would look with favor on a stipulation to treat the notices heretofore filed as a premature notice of appeal from that judgment.